**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Arkmael Ray Sales,**

 **Plaintiff,**

**v.**              **Case No. 2:13–cv–1126**

**Kenneth Saul,**         **Judge Michael H. Watson**

 **Defendant.**

## OPINION AND ORDER

Arkmael Ray Sales ("Plaintiff") filed this lawsuit on November 12, 2013 under 42 U.S.C. § 1983. Compl., ECF No. 1. Upon an initial screening under 28 U.S.C. §1915(e), the Magistrate Judge recommended in her Report and Recommendation ("R&R") that the Court dismiss this suit for failure to state a claim. Plaintiff objected to the R&R. ECF No. 8. The Court has reviewed the objections, but for the following reasons, the Court overrules those objections and adopts the R&R.

### I.   FACTS

Plaintiff, an inmate at the Pickaway Correctional Facility ("PCF") sues Kenneth Saul, a physician at PCF ("Defendant"). The R&R accurately sets forth the facts alleged in the Complaint as follows:

> On June 22, plaintiff, who allegedly has a history of congestive heart failure, was taken to the PCF infirmary for complaints of pain and numbness. An EKG was read as abnormal and Dr. Kenneth Saul directed plaintiff to return to his cell but to let the medical staff know if the pain worsened. Two (2) days later, a Monday, plaintiff reported

> worsening pain. A repeat EKG was again abnormal. Plaintiff advised Dr. Saul that a 50% heart blockage had previously been diagnosed and that plaintiff was told that, should medication not work, stents would be inserted. Dr. Saul directed plaintiff to return to his cell but to return to the infirmary in seven (7) days. Plaintiff reported continued chest pain and numbness in his left arm and, six (6) days later, he was summoned to the infirmary. Another EKG was abnormal and Dr. Saul ordered that plaintiff be admitted to the infirmary for later transfer to the Correctional Medical Center ("CMC"). Because there was no room in the infirmary, however, plaintiff was left in the lobby for most of the day. At 6:30 that night, after plaintiff's inquiry, plaintiff was transported to the Ohio State Medical Center, where he was admitted. A July 1, 2013 catheterization revealed a 70% blockage and 'a stent was immediately put in place.' Plaintiff also alleges that an aorta aneurysm has grown 'from 2. – to –3. In the past two years,' but that Dr. Saul 'refuses to do the necessary paper work' that would assure plaintiff's transport to a medical specialist 'in five (5) minutes should the aneurysm burst.'

R&R 2, ECF No. 6 (internal citations omitted). Plaintiff seeks costs, $500,000 in compensatory and punitive damages, and an injunction requiring Defendant and the PCF "to institute rules and regulations as well [as] a time statue [sic] in which patients who show abnormal reading in administered testing wherein ones [sic] life is in danger, to be immediately transferred to the Ohio State Medical Center for specialist treatment." Compl. 6, ECF No 1. He also seeks an injunction requiring "mandatory rules whereby older prisoners [are] given priority care immediately rather that [sic] wait for them to reach the point where they are beyond care." Id.

The R&R analyzed Plaintiff's Complaint under the Eighth and Fourteenth Amendments to the United States Constitution and found Plaintiff failed to state a claim for deliberate indifference to serious medical needs. R&R 3, ECF No. 6.

Case No. 2:13–cv–1126                                                                                     Page 2 of 9

The R&R notes Plaintiff's Complaint alleges that he was in fact seen on multiple occasions by medical personnel at PCF and had undergone multiple EKGs. *Id.* Moreover, the Complaint alleges Defendant conferred with Plaintiff and directed his treatment. *Id.* The R&R further notes that Plaintiff was hospitalized and given a stent within eight days of his initial complaint of chest pain and numbness. *Id.* Further, the R&R observes Plaintiff failed to allege residual or lasting harm caused by a delay in treatment. *Id.*

Based on those allegations, the R&R concluded Plaintiff failed to plead facts which, if true, would show Defendant subjectively perceived facts from which to infer a substantial risk to Plaintiff, did in fact draw that inference, and disregarded that risk. *Id.* at 4. Rather, the R&R concludes Plaintiff pleaded, at most, negligence in providing medical care for his blocked artery. *Id.* Additionally, the R&R concluded the Complaint failed to allege facts showing Defendant has denied Plaintiff medical care for his aneurysm or that transfer to a prison facility within five minutes of specialized emergency medical treatment is constitutionally mandated under these conditions. *Id.* at 5.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district

judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

On January 6, 2014, Plaintiff filed timely objections to the R&R. Obj., ECF No. 8. In the first ten pages of his objections, Plaintiff restates the facts alleged in his Complaint and argues that Defendant exhibited deliberate indifference to Plaintiff's serious medical condition. The crux of Plaintiff's objections seems to be that Plaintiff was denied the treatment of a heart specialist and that because Defendant is not a heart specialist, Defendant's delay in transferring Plaintiff to the Ohio State Medical Center ("OSMC") can only be explained by deliberate indifference to Plaintiff's serious medical condition. Obj. 9, ECF No. 8.

Additionally, Plaintiff argues Defendant failed to cause Plaintiff to be reclassified and transferred to the Corrections Medical Center, which would place Plaintiff close enough to the OSMC to receive emergency treatment within five minutes of a burst aneurysm. Plaintiff argues Defendant is not a specialist and cannot know when his aneurysm will burst; thus, failure to transfer Plaintiff to a facility within five minutes of emergency care amounts to deliberate indifference of a serious medical need as he has a three cm aneurysm which could erupt at any time and cannot be transported from PCF to the OSMC within five minutes.

Section 1983 states in relevant part:

> [e]very person who, under color of any statute, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress[.]

42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must show that a person acting under color of law deprived him of his rights secured by the United States Constitution or its laws. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Plaintiff alleges Defendant acted under color of state law and deprived him of his Eighth Amendment right to be free from deliberate indifference to serious medical needs.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation and citation omitted). To state a claim for deliberate indifference, a plaintiff must satisfy an objective component and a subjective component. The objective component is satisfied by showing a sufficiently serious medical condition such that denial of needed medical care would result in the unnecessary and wanton infliction of pain or pose a substantial risk of serious harm. *See Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). A condition is sufficiently serious when the need for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899–900 (6th Cir. 2004). To satisfy the subjective component, a plaintiff must allege that the defendant subjectively

perceived facts from which the inference could be drawn that a substantial risk of harm would exist if needed care were not provided, that he actually drew the inference, and that he acted in disregard of that risk. *Quigley*, 707 F.3d at 681. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

## A. Blockage

Even assuming Plaintiff's blocked artery and associated symptoms constituted a sufficiently serious medical condition and that Defendant both perceived facts from which the inference could be drawn that a substantial risk of harm would exist if needed care were not provided and actually drew the inference, Plaintiff failed to allege that Defendant acted in disregard of that risk.

The Complaint shows Plaintiff was not denied medical treatment for his serious condition, either generally or by Defendant in particular. As alleged in the Complaint, on both June 22 and 24, 2013, he was examined by nurses, received EKGs, the nurses discussed the EKGs with Defendant, and Defendant prescribed a course of treatment. On June 22, 2013, Defendant instructed Plaintiff to return to his unit, stay cool, drink warm water, and notify medical staff personnel of any worsening of his condition. The next day, Plaintiff received additional EKGs, and Defendant discussed his condition with him directly. Defendant instructed Plaintiff to return to the infirmary in seven days for a follow-up. When Plaintiff continued to experience symptoms six days later, Plaintiff was

given another EKG, and Defendant ordered Plaintiff admitted to the infirmary and transferred to the CMC. Thus, the facts alleged show Defendant was monitoring Plaintiff's condition and ordered him to be transferred to CMC when his situation failed to improve.

Rather than allege a denial of medical treatment, Plaintiff merely disagrees with Defendant's course of treatment and argues Defendant should have transferred Plaintiff to the OSMC sooner so that he could be seen by a specialist. The Complaint does not, however, allege that the delay in being seen by a specialist caused a detrimental effect. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899–900 (6th Cir. 2004) ("*Napier* applies where the plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious."); *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) ("[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.") (internal quotation and citation omitted).

The R&R correctly concludes that Plaintiff's Complaint, at most, alleges medical malpractice or negligence, which is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently

harmful to evidence deliberate indifference to serious medical needs."); *Bright v. Martin*, 37 F. App'x 136, 138 (6th Cir. 2002) ("Bright's allegations amounted to only a difference of opinion over his medical care and do not support an Eighth Amendment claim.") (citations omitted); *Comstock v. McCrary*, 273 F.3d 693,703 (6th Cir. 2001) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."). The R&R therefore properly recommended dismissal of Plaintiff's Eighth Amendment claim based on his blocked artery.

### B. Aneurysm

With respect to Plaintiff's aneurysm, the Complaint fails to allege that Defendant is denying Plaintiff medical care for that condition. It alleges only that Defendant refuses to do the paperwork necessary to have Plaintiff transferred to a facility within five minutes of a heart specialist. The Complaint does not allege the aneurysm is a sufficiently serious medical condition, that Defendant perceived a substantial risk of harm due to the aneurysm, or that Defendant denied medical care for Plaintiff's aneurysm. Nor does the Complaint allege facts showing transfer to a facility within five minutes of a hospital would be necessary to adequately treat Plaintiff's aneurysm. Accordingly, Plaintiff's Complaint fails to state a claim for deliberate indifference to serious medical needs based on his aneurysm.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. As such, the Magistrate Judge properly recommended dismissal of Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint for failure to state a claim. The Clerk shall enter final judgment for Defendant and dismiss the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**